The Honorable Don A. Eilbott Chairman, Jefferson County Board of Election Commissioners Barraque Main Streets Pine Bluff, AR 71601
Dear Mr. Eilbott:
This is in response to your request for an opinion, pursuant to A.C.A. § 25-16-706(b), regarding a prospective candidate for the office of Alderman of the City of Pine Bluff.
According to information supplied with your request, this individual has submitted a certified copy of a "Petition" incorporating an "Order Honorably Discharging Probationer" ("Order") which was entered in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, Case No. 233801. The Petition indicates that this individual was placed on probation on January 12, 1967, for a period of one year. The Order, dated January 24, 1968, states that the period of probation expired on January 11, 1968, and orders ". . . that the said Probationer's plea of Guilty be changed to that of Not Guilty, and the information herein dismissed." The Order further states that the Probationer ". . . be, and is hereby discharged from supervision and from any obligation respecting the conditions of said probation heretofore imposed by this Court in accordance with the statute in such cases made and provided." The question posed is whether the Nevada statute under which this Order was entered[1] constitutes a "similar expunction statute in another state" in accordance with A.C.A. §7-6-102,[2] which states in pertinent part that:
 . . . a person shall be qualified to be a candidate for a state, district, county, municipal, and township office and may certify that he has never been convicted of a felony if his record was expunged in accordance with §§ 16-93-301—16-93-303, or a similar expunction statute in another state,
provided the candidate presents a certificate of expunction from the court that convicted the prospective candidate. [Emphasis added.]
A.C.A § 7-6-102(d) (1987).
It is my opinion that while the answer to this question is by no means clear, the similarity requirement under § 7-6-102 is probably met in this instance.
Reference must first be made to A.C.A. §§ 16-93-301 to -303 in addressing this question. "Expunge" means, under A.C.A. §16-93-301:
 . . . to make an entry upon the official records kept in the regular course of business by law enforcement agencies and judicial officials evidencing the fact that the records are those relating to first offenders as so determined by the court; that the records shall be sealed, sequestered, treated as confidential, and only available to law enforcement and judicial officials; and that the defendant was completely exonerated of any criminal purpose; and that the disposition shall not affect any civil rights or liberties of the defendant. . . .
Section 16-93-303 sets forth the procedure for expungement. Whenever a defendant who has not been previously convicted of a felony enters a plea of guilty or nolo contendere prior to an adjudication of guilt, the judge may, without entering a judgment of guilt, defer further proceedings and place the defendant on probation for at least one year. A.C.A. § 16-93-303(a)(1). Upon completion of probation or prior release by the court, the defendant is discharged without court adjudication of guilt, and the court enters an order ". . . which shall dismiss the case, discharge the defendant, and expunge the record." A.C.A. §16-93-303(b)(1). Subsections (b)(2) and (b)(3) of this section state:
 (2) The order shall completely exonerate the defendant of any criminal purpose and shall not affect any civil rights or liberties of the defendant.
 (3) A defendant so discharged may reply in the negative to questions pertaining to past criminal convictions in applications for employment, permits, or licenses or in any other instance wherein a civil right or liberty might be affected.
With regard to Nevada law, the statute in effect in 1968, (and under which this "Order Honorably Discharging Probationer" was apparently entered), authorized any defendant "who has fulfilled the conditions of his probation for the entire period thereof" to withdraw his guilty plea or have his guilty verdict set aside. Nev. Rev. Stat. 176.225(1) (1967). The court would then "dismiss the indictment or information against such defendant, who shallthereafter be released from all penalties and disabilitiesresulting from the offense or crime of which he has beenconvicted." Id. (Emphasis added.)
A review of current Nevada law reveals a clear distinction between an honorable discharge from probation and restoration of civil rights. See Nev. Rev. Stat. 176.225 (1989). Section 176.225(3), as recently amended, states that "[a] person honorably discharged from probation is free from the terms and conditions of his probation and may apply to the court . . . for the restoration of his civil rights." One who has been honorably discharged and who has had his civil rights restored under this statute may "vote, hold office or serve as a juror." § 176.225(4).
While it is thus clear under current Nevada law that an honorably discharged probationer must proceed under a separate provision for a restoration of civil rights, the law in effect in 1968 is far from clear in this regard. There are no Nevada cases offering clear guidance on the effect of an honorable discharge under the 1967 statute. One case suggests that a prior act similar to the 1967 statute did not result in expungement; but the court based its ruling primarily upon a provision authorizing future use of a conviction where the defendant has been honorably discharged.Hand v. State, Nev. S.Ct. No. 21215, decided Aug. 28, 1991. It was concluded in a 1983 Attorney General Opinion (No. 83-13, issued Sept. 14, 1983) that while a person who is honorably discharged from probation is no longer subject to terms and conditions of probation, he does not automatically reacquire the civil rights he lost as a result of a felony conviction. Id. at 4. But of course, the subsequent legislative history of Nev. Rev. Stat. 176.225 did not figure into that opinion.
Nevada law in 1968 did not clearly place upon the defendant the affirmative burden of applying for the restoration of his civil rights. Rather, § 176.225 simply stated, at that time, that the defendant "is released from all penalties and disabilities" resulting from the offense. This statute would, on its face, appear to be similar to A.C.A. §§ 16-93-301 to -303. While the statutes are, obviously, not identical, the language of the Nevada provision with regard to dismissal of the indictment or information and release "from all penalties and disabilities" compels me to conclude that the requirement under A.C.A. §7-6-102(d) that the statute be "similar" has probably been met.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The submitted document does not identify the state statute under which the "Order Honorably Discharging Probationer" was entered. Nevada counsel for the prospective candidate has submitted a copy of Nevada Revised Statutes 176.225 (1967), as this statute existed prior to recent amendments, suggesting that this is in fact the basis for the Order. We are therefore operating on that assumption.
[2] You note that it is agreed by all interested parties that the offense involved in this instance was, in fact, a felony.